IN THE SUPERIOR COURT



**FILED**

February 10, 2021
SX-2020-CV-00728
TAMARA CHARLES
CLERK OF THE COURT

**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **GLENDA AYALA,** | |
| **PLAINTIFF,** | **SX-20-CV-728** |
| v. | **ACTION FOR DAMAGES** |
| **WORLD FRESH MARKET, LLC** D/B/A **PUEBLO SUPERMARKET,** | <u>JURY TRIAL DEMANDED</u> |
| **DEFENDANT.** | **CITED AS: 2021 VI SUPER 15U** |

**Appearances:**

**Lee J. Rohn**
1108 King Street, Suite 3
56 King Street, Third Floor
Christiansted, St. Croix, VI 00820
*For Plaintiff*

**Michael L. Sheesley, P.C.**
P.O. Box 307728
St. Thomas, VI 00803
*For Defendant*

## <u>MEMORANDUM OPINION & ORDER</u>

¶ **Willocks, Presiding Judge**

¶1      **THIS MATTER** is before the Court on World Fresh Market, LLC d/b/a Pueblo Supermarket (hereinafter "Defendant") Motion to Compel Arbitration and Stay Proceedings filed on October 19, 2020. Glenda Ayala (hereinafter "Plaintiff") filed an Opposition Motion on October 29, 2020. A Reply to Opposition motion was filed by Defendant on November 4, 2020. Plaintiff filed a Motion for Leave to file Sur-Reply and Exhibit on November 9, 2020. A Response in Opposition to Motion for Leave to file Sur-Reply was filed on November 10, 2020 by Defendant. Plaintiff filed a Reply to Opposition on November 24, 2020.

¶2      The Court will **GRANT** Defendant's Motion to Compel Arbitration and Stay Proceedings for the reasons stated herein. The Court will **DENY** Plaintiff's Motion to file a Sur-Reply. The Court will **ORDER** this matter is stayed until arbitration is complete.

## I.      Jurisdiction

¶3      The Virgin Islands Supreme Court has found that the FAA is applicable through the Commerce Clause, a 'contract comes within the purview of the FAA…if an interstate nexus is shown.;" *Whyte v. Bockino*, 69 V.I. 749, 760 (V.I. 2018)(citing *Hendricks v. Pinnacle Services*, LLC, 72 V.I. 630 (Super. Ct. 2020). "Thus, a party seeking to compel arbitration must not only show that an agreement exists, but also show that the contract evidences an interstate nexus." *Id.* However, "the burden on the compelling party to show that a contract evidences an interstate nexus is relatively low." *Id.* at 761. The contract need only affect interstate commerce and "need not be in interstate commerce nor have a substantial effect on interstate commerce…" *Id.*

¶4      It is apparent then, that the FAA applies to the Virgin Islands when an interstate nexus can be demonstrated. In *Hendricks v. Pinnacle Services, LLC*, "we found in reviewing a Motion for Summary Judgment that the parties should not have to file another brief regarding the interstate nature of the business due to further briefing being a waste of judicial resources. *Hendricks v. Pinnacle Services, LLC* 72 V.I. 630 (Super. Ct. 2020). We determined that the Oil Refinery had been engaged in interstate commerce because it makes oil shipments." *Id.*

¶5      In *Whyte v. Bockino*, the employment contract at issue was between Whyte, a St. Croix Resident, and Pueblo, "a limited liability company organized and doing business under the laws of the United States Virgin Islands." *Whyte v. Bockino*, 69 V.I. 749 (V.I. 2018). The employment contract required that Whyte send any notices to Pueblo to an address that the company maintains in Chicago, Illinois. The Court held that this provision regulating an important aspect of the parties' agreement is sufficient to establish an interstate nexus. *Id.* The Court further held that Whyte, as an assistant store

manager and later, a store manager, for a business that receives its goods from interstate commerce, had managerial control over products Pueblo imports, which "arrive to St. Croix via container ship." Id. Therefore, the Court held that this employment contract "affects interstate commerce," as even the slightest nexus is sufficient. *Id.* at 10. Thus, Pueblo sufficiently met its burden to establish an interstate nexus. *Id.*

## II. Analysis

¶6     First and foremost, the Court finds that a valid contract exists because Plaintiff and Defendant signed the employment contract on December 3, 2018 and it is valid on its face. (Defendant's Motion to Compel Arbitration Ex.1.) The employment contract between Plaintiff and Defendant was for the purpose of Plaintiff performing employment as a grocery clerk for Pueblo Supermarket owned by World Fresh Market, LLC. (*Id.*) Accordingly, Article V of the employment contract presents the Dispute Resolution provision. (*Id.*) Defendant asserts that the plain language of the provision in the employment contract requires arbitration of Plaintiff's claims against Defendant and covers all disputes against Defendant as an employer. (Defendant's Motion to Compel page 5). Therefore, the Court agrees that this provision was entered into by both parties and was within its scope in terms of arbitration between Plaintiff and Defendant.

¶7     Second, the contract between the parties needs to affect interstate commerce. *Whyte v. Bockino*, 69 V.I. 749 (V.I. 2018). There are characteristics that make this matter different than the interstate commerce issue in *Whyte v. Bockino*. For instance, there is no provision in the contract that require notices to Pueblo at an address in Chicago, Illinois. Further, Defendant held employment as a grocery clerk versus a managerial position like in *Whyte*, nevertheless, the Court finds this to be quite similar to it's ruling in *Whyte v. Bockino*.

¶8     Working at Pueblo (owned and operated by World Fresh Market, LLC) affects interstate commerce because the goods received are imported to the Virgin Islands like the Court found in *Whyte*.

(*See* Defendant's Motion to Compel). The reason the Court will find similarly to *Whyte* even with some distinguishable characteristics is because employment at Pueblo is very different than employment at a local grocery store only situated in the Virgin Islands.

¶9     The burden on the compelling party is relatively low, and, the Defendant has met their burden to show that the Pueblo grocery stores affect interstate commerce because their produce has to travel by plane and boat from all over the United States and from international destinations. (*See* Defendant's Motion to Compel p. 7). The Defendant further contends that Plaintiff's position required her to stock and handle grocery items that were not produced or manufactured in the Virgin Islands and are shipped in interstate commerce to the Virgin Islands. (*Id.*) Thus, the Court finds that Defendant has met their burden to prove the contract between the parties affected interstate commerce.

¶10     Plaintiff's main argument is that the arbitration provision was presented on a take it or leave it basis and Plaintiff had no choice but to sign it. (*See* Plaintiff's Opposition to Motion to Compel p. 3). The Court is also aware of Plaintiff's argument that the validity of arbitration clauses for unconscionability is *Allen v. Hovensa. Allen v. Hovensa LLC.*, 59 V.I. 430, 436 (V.I. 2013).

¶11     These arguments can be quickly done away with. The Court in *Allen v. Hovensa* held that the dispute resolution provision was not unconscionable. *Id.* The mere fact that a contract is adhesive does not—without more—render it unconscionable. *Id.* (citing *Nino v. Jewelry Exchange, Inc.*, 609 F.3d 191, 201, 53 V.I. 901 (3d Circ. 2010)). A party challenging a contract on unconscionability grounds must also show that the contract is substantively unconscionable by demonstrating that the contract contains "terms unreasonably favorable to the stronger party." *Id* at 11.

¶12     In Plaintiff's Opposition, Plaintiff discusses that there was no choice but to sign the defendant's arbitration provision. However, like Defendant's pointed out, the Plaintiff's Opposition contains no factual allegations of fraud in the formation of the arbitration agreement. (See Plaintiff's Opposition

1-2). There was also no present evidence that Plaintiff was forced to take the job at Pueblo. (See Defendant's Reply p. 17).

¶13   The Court agrees with Defendant that there was no evidence presented Plaintiff was forced to work at Pueblo or had no other options. Further, Plaintiff alleged that as a grocery clerk, the arbitration would be expensive. Again, Defendant's point out that there is no evidence that the costs would be prohibitively expensive pursuant to the standard that was set out in *Allen*. Therefore, the Court cannot evaluate Plaintiff's arguments thoroughly without any evidence that what they present in their opposition is true.

### III.   Plaintiff's Motion for Leave to File Sur-Reply

¶14   As with surresponses and surreplies, which are generally "disfavored because parties are expected to fully and expeditiously address all matters raised in the original motion in their responses," courts do not grant leave to "further respond or reply when it will aid the court by addressing relevant issues, including issues that might otherwise be waived if not timely raised." *Augustin v. Hess Oil Virgin Islands Corp.*, 67 V.I. 488 (Super. Ct. 2017) (citing *Der Weer v. Hess Oil V.I. Corp.*, 64 V.I. at 122)).

¶15   The Court finds that because Plaintiff filed their sur-reply without first obtaining leave to file, the filing is technically in violation for V.I. R. Civ. P. 6-1(c), and this Court has the authority to strike the document from the record. *United States V.I. Econ. Dev. Auth. V. Hypolite*, 2019 V.I. LEXIS 10 (Super. Ct. 2019). Therefore, the Court will disregard Plaintiff's filing because it was not properly before the Court pursuant to the rules. The Court, at this time, will not sanction the Plaintiff, however, the Court will strictly adhere to the Virgin Islands Civil Procedure Rules and expects all counsel to do the same. Thus, Plaintiff's Motion for Leave to File Sur-Reply is **DENIED**.

**2021 VI SUPER 15U**

Accordingly, it is hereby:

**ORDERED** Defendant's Motion to Compel Arbitration and Stay Proceedings is **GRANTED.**

**ORDERED** Plaintiff's Motion to file a Sur-Reply is **DENIED.**

**ORDERED** arbitration of all claims contained in the Complaint and stay proceedings in their entirety pending the outcome of arbitration.

**DONE and so ORDERED this** _10th_ **day of** _February_ **2021.**


HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**